SHAW VALENZA LLP
D. Gregory Valenza, Bar No. 161250
gvalenza@shawvalenza.com
Timothy L. Reed, Bar No. 258034
treed@shawvalenza.com
300 Montgomery Street, Suite 788
San Francisco, California 94104
Telephone: (415) 983-5960
Facsimile: (415) 983-5963

Attorneys for Defendants
Medical Hill Rehab Center, L.L.C. and Kindred Healthcare Operating, Inc.

THE REVELATION LAW FIRM
Melanie D. Popper, State Bar No. 236279
2560 9th Street, Suite 212M
Berkeley, CA 94710
Telephone: (510) 665-4195
Facsimile: (510) 665-4197
mdp@revelationlaw.com

Attorneys for Plaintiffs
Monique Matthews, Gabriel Oghwe, Cynthia Joiner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MATTHEWS, an individual, GABRIEL OGHWE, an individual, and CYNTHIA JOYNER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL HILL REHAB CENTER, L.L.C., a corporation, KINDRED HEALTHCARE OPERATING, INC., a corporation,<br><br>Defendants. | Case No. CV 10-04371 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this Case Management Statement and request that the Court adopt it as the Case Management Order in this case. Unless otherwise indicated, all time frames referenced herein refer to calendar days.

JOINT CASE MANAGEMENT STATEMENT

## I. JURISDICTION AND SERVICE

The basis for this Court's subject matter jurisdiction is diversity of citizenship. Plaintiffs Monique Matthews ("Matthews"), Gabriel Oghwe ("Oghwe"), and Cynthia Joiner ("Joiner") (collectively "Plaintiffs") are domiciled in and are citizens of California.

Defendants Medical Hill Rehab Center L.L.C. and Kindred Healthcare Operating, Inc. ("KHOI") (collectively "Defendants") are not California citizens. Defendant Medical Hill Rehab Center L.L.C. is a limited liability company organized under Delaware law. The citizenship of an LLC is measured by the citizeneship of its "members." The only member of Medical Hill Rehab Center, L.L.C. is California Nursing Centers, L.L.C., also a limited liability company organized under Delaware law. The only member of California Nursing L.L.C. is Kindred Nursing Centers West, L.L.C., also a limited liability company organized under Delaware law. The only member of Kindred Nursing Centers West, L.L.C. is Defendant KHOI. Defendant KHOI is a Delaware corporation with its principal place of business in Louisville, Kentucky.

The amount in controversy in this matter for each Plaintiff exceeds $75,000, exclusive of interest and costs, as established by each Plaintiff's Response to Request for Statement of Damages.

All parties have been served.

## II. FACTS

### A. Plaintiffs' Employment with Medical Hill Rehabilitation Center

#### 1. Plaintiff Joiner

Plaintiff Joiner began her employment with Medical Hill Rehabilitation Center in Oakland, California ("Medical Hill") on February 13, 2006. On April 1, 2009, Medical Hill terminated Joiner's employment. Defendants contend that Joiner's employment was terminated for failure to report potential patient abuse. Plaintiffs contend that her employment was terminated in retaliation for her reporting patient safety issues and because of her race/national origin.

#### 2. Plaintiff Oghwe

Plaintiff Oghwe began his employment with Medical Hill on November 1, 2007. On

January 18, 2010, Medical Hill terminated Oghwe's employment. Defendants contend that Oghwe's employment was terminated because he verbally mistreated a patient. Plaintiffs contend that his employment was terminated in retaliation for him reporting patient safety issues and because of his race/national origin.

### 3. Plaintiff Matthews

Plaintiff Matthews began her employment with Medical Hill on August 27, 2008. On October 9, 2009, Medical Hill terminated Matthews's employment. Defendants contend that Matthews's employment was terminated because she did not properly care for a patient. Further, Matthews argued with that patient's family member. Plaintiffs contend that her employment was terminated in retaliation for her reporting patient safety issues and because of her race/national origin.

### B. Principal Factual Issues in Dispute

#### 1. Plaintiffs

- Whether Defendants retaliated against any Plaintiff because of any Plaintiff's complaint of patient abuse.
- Whether Defendants were motivated by actionable discrimination, including race and national origin discrimination as to any Plaintiff.
- Whether Defendants had a legitimate, non-pretextual, business reason for terminating any Plaintiff.

#### 2. Defendants

- Whether any Plaintiff presented any grievance, complaint, or report to Medical Hill, its staff, or any agency or governmental entity regarding any unsafe patient care and conditions.
- Whether any conduct complained about by any Plaintiff actually endangered the safety of any Medical Hill patient.
- Whether any action taken against each Plaintiff, including each Plaintiff's termination, was taken for legitimate, non-retaliatory business reasons.
- Whether Plaintiff Joiner failed to report potential patient abuse, thus warranting her discharge.
- Whether Plaintiff Oghwe verbally mistreated a patient, thus warranting his discharge.

- Whether Plaintiff Matthews engaged in improper care and argued with a patient's family member, thus warranting her discharge.
- Whether the decision-makers for each Plaintiff's termination were aware of any complaints regarding unsafe patient care and conditions.
- The amount of each Plaintiff's damages.

### III. LEGAL ISSUES

#### A. Plaintiffs

- Whether Defendants violated California's Health & Safety Code Section 1278.5 as to each Plaintiff during Plaintiffs' employment with Defendants.
- Whether Defendants terminated any Plaintiff in violation of California's public policies.

#### B. Defendants

- Whether each Plaintiff may assert a private right of action under section 1278.5 of the California Health and Safety Code.
- Whether any action taken against each Plaintiff, including each Plaintiff's termination, was taken for legitimate, non-retaliatory and non-discriminatory business reasons.
- Whether Defendants have effective and good faith anti-discrimination and anti-retaliation policies; and whether any Plaintiff failed to take advantage of those policies.
- Whether Plaintiffs' recovery is barred or reduced by unclean hands or after-acquired evidence.
- Whether each Plaintiff failed to exercise reasonable diligence to mitigate his or her damages.
- Whether each Plaintiff failed to use ordinary care and diligence in the performance of his or her duties and failed to comply substantially with the reasonable directions of his or her employer.
- Whether each Plaintiff is estopped by his or her conduct to claim any right to damages or any relief against Defendants.
- Whether each Plaintiff was employed at-will.
- Whether each Plaintiff comes into court with unclean hands.
- Whether each Plaintiff's emotional distress damages and other injuries are barred because the exclusive remedy for such damages, if any, is before the California Workers' Compensation

Appeals Board.

- Whether Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.
- Whether Plaintiffs' claims are barred because they failed to exhaust mandatory administrative remedies.

## IV. MOTIONS

To date, no motions have been filed in this matter. Defendants anticipate filing a motion for summary judgment. Defendants may file a motion to sever each Plaintiff's claim.

## V. AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings in this matter.

## VI. EVIDENCE PRESERVATION

The parties have taken all necessary steps to preserve all documents, emails, and other electronically-recorded evidence in their possession relevant to the issues in this matter.

## VII. DISCLOSURES

The parties have agreed to exchange initial disclosure statements in full compliance with Fed. R. Civ. P. 26(a)(1) by March 28, 2011. Descriptions of those disclosures are as follows:

### A. Plaintiffs' Initial Disclosures

Names of witnesses known to Plaintiffs and applicable testimony expected; identification of documents aiding Plaintiffs' case and copies thereof.

### B. Defendants' Initial Disclosures

1. Individuals Likely to Have Discoverable Information

Individuals likely to have discoverable information include the following current and former employees of Defendants: (1) Augustine Akoiya; (2) Joyce Akwani; (3) Jennifer Banic; (4) Aveline Buhrman; (5) Vernetta Clark; (6) David Culbreth; (7) Barbara Donaghy; (8) David Farrell; (9) Cynthia Joiner; (10) Jeff Lambkin; (11) Monique Matthews; (12) Hanna Mekkonnen; (13) Margot Nijsure; (14) Gabriel Oghwe; (15) Maria Palmenco; (16) Ingrid Thompson; (17) Hilda Watts; and (18) Tom Wood.

2. Documents Defendants May Use to Support Their Claims or Defenses

Documents, electronically stored information, and tangible things that Defendants may use to support their defenses include: (1) Plaintiffs' personnel files; (2) Defendants' handbook and other relevant personnel policies; and (3) hotline contacts by Plaintiffs.

3. Computation of Damages

Defendants deny they are liable to Plaintiffs for any damages, in any amount.

4. Insurance Agreement

There are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy that judgment.

## VIII. DISCOVERY

To date, no discovery has been taken in this matter. The parties will conduct discovery in accordance with the limitations and scope set forth in the Federal Rules of Civil Procedure. Discovery may be needed on the factual issues set forth above.

Plaintiffs anticipate engaging in the following discovery: (1) deposition of percipient witnesses; (2) document demands; (3) special interrogatories; and (4) admissions.

Defendants anticipate engaging in the following discovery: (1) depositions of Plaintiffs and other individuals; (2) document production requests; (3) interrogatories; and (4) subpoenas of records from Plaintiffs' health care providers and current and former employers to the extent necessary.

The parties anticipate that fact discovery will be complete before December 2011.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no cases related to this matter.

## XI. RELIEF

A. Plaintiffs

Plaintiffs each seek general damages of between $75,000 and $500,000. In addition,

Plaintiffs each seek special damages of between $500 and $25,000. Also, Plaintiffs seek prejudgment interest and attorneys fees and cost of suit.

    B.    <u>Defendants</u>

Defendants seek dismissal of this action, judgment in their favor, attorney's fees to the extent authorized by law, and cost of suit.

## XII. SETTLEMENT AND ADR

The parties have not engaged in settlement discussions. Following adequate time for fact discovery, the parties agree to ENE, a settlement conference with a magistrate judge, or Court-sponsored mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

The parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

## XV. NARROWING OF ISSUES

Defendants may move to bifurcate liability and damages or sever one or more plaintiffs.

## XVI. EXPEDITED SCHEDULE

The parties agree that this case is not the type that can be handled on an expedited basis.

## XVII. SCHEDULING

The parties jointly propose the following dates:

    A.    <u>Designation of Experts</u>

The parties propose that a deadline for disclosure of the identity, background, and opinions of experts be set for 60 days before trial.

    B.    <u>Discovery Cutoff</u>

The parties propose that a deadline for completion of fact discovery be set for 90 days before trial.

C.  Expert Discovery Cutoff

The parties propose that a deadline for completion of expert discovery be set for 30 days before trial.

D.  Hearing of Dispositive Motions

The parties propose that a deadline for the hearing of dispositive motions be set for no later than 90 days before trial.

E.  Pretrial Conference

The parties propose that a pretrial conference be held no later than 15 days before trial.

F.  Trial

The parties propose that trial be held at a date convenient to the Court in Spring 2012, except for the following time periods: January 1-31, 2012 (other trial for Plaintiffs' counsel).

XVIII. TRIAL

Plaintiffs have requested that this case be tried by a jury. The parties expect the trial to last up to 20 court days, but only if all three plaintiffs proceed to trial.

XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

A.  Plaintiffs

None.

B.  Defendants

Defendants have filed the "Certificate of Interested Entities or Persons," as required by Civ. L.R. 3-16. Defendants restate the following:

California Nursing Centers, L.L.C. is the only member Defendant Medical Hill Rehab, L.L.C.

Kindred Nursing Centers West, L.L.C. is the only member of California Nursing Centers, L.L.C.

Defendant Kindred Healthcare Operating, Inc. is the only member of Kindred Nursing Centers, West, L.L.C.

Kindred Healthcare Operating, Inc. is a wholly owned subsidiary of Kindred Healthcare, Inc., a publicly traded corporation.

|    |                          |                                                                                                                                                                     |
|----|--------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                          | Respectfully submitted,                                                                                                                                             |
|    | DATED:  March 28, 2011   | SHAW VALENZA LLP                                                                                                                                                    |

By: _____/s/_____
    D. Gregory Valenza
    Timothy L. Reed
    Attorneys for Defendants
    Medical Hill Rehab Center, L.L.C. and
    Kindred Healthcare Operating, Inc.

DATED:  March 28, 2011              THE REVELATION LAW FIRM

By: _____/s/_____
    Melanie D. Popper
    Attorneys for Plaintiffs
    Monique Matthews, Gabriel Oghwe,
    Cynthia Joyner

164783.1.00133.038